LOUISVILLE TPK. CO. *v.* W. A. SHADBURN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—430.]

**Easement in Passway.**

Where a right of a roadway is secured by contract between the owner of a quarry and the original owner of land, and the way has been in use for near twenty years, upon the land being partitioned the way must be left open or another furnished the owners of the quarry equal in conveyance to the old way.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 28, 1883.

OPINION BY JUDGE PRYOR:

It is evident from the contract between the appellant and the original owner that the former was entitled to a way to the quarry. The company had been using the way for near twenty years, but not in such a manner as would preclude the owner from giving another and equally as convenient way, when a change in the ownership of his land took place, or even before, if greatly to his inconvenience and without prejudice to the appellant. Here the land has been divided between the children, and the passway dividing that portion of it allotted to Mrs. Johnson would put her to great expense, while she would derive no profit from the quarry, when in the division the damage to her was not considered, and the profits to Shadburn from the quarry were taken into the estimate. The route as established by the chancellor ought to be adopted as Mrs. Johnson is not complaining, but not at the expense of the appellant. The company must have a passway, such as will afford them the means of getting to and from their quarry at the expense of those who own the land. The character of grade should be such as is practicable if it would afford to appellant the facilities it had when using the former passway, that is, the road bed should be as good as the one surrendered, or such as will enable the appellant to haul the ordinary and usual loads of stone from the quarry, with such teams as are generally used in like business. If when laid out and constructed in this manner the appellant desires to improve it, he can do so, but must be allowed to make his own contract.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*James Speed, for appellant.*

*P. A. Gaertner, for appellees.*

[See *Louisville Tpk. Co. v. Shadburne,* 10 Ky. Opin. 770, 1 Ky. L. 325.]